IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA ALFARO,

     Plaintiff,                    Case No.2:10-cv-1403 GEB DAD PS

    vs.

SALVATION ARMY,              FINDINGS AND RECOMMENDATIONS

     Defendant.

_____/

        Plaintiff, proceeding pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Here, plaintiff's affidavit reflects that she is not currently employed but receives $1,307.00 from Social Security Disability each month and $3,548.00 per month from an unspecified source. Plaintiff also alleges that she has $624,533.00 in a checking or savings account. She states that two children are dependent on her for support but states that she has no debts or financial obligations. Plaintiff's application fails to demonstrate that she is

1

indigent and will therefore be denied.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

Ordinarily, the undersigned would recommend that plaintiff's in forma pauperis application be denied and that plaintiff be granted an opportunity to pay the filing fee in full before proceeding.  However, as in at least fourteen other cases filed by plaintiff in this court since February 10, 2006,[1] no basis for federal jurisdiction has been alleged in plaintiff's complaint.  Here, the named defendants are the Salvation Army, "a negro supervisor, a negro particapte [sic], two supervisors, a girl and her family that look like they live under a tree." (Compl. (Doc. No. 1) at 2.)  Plaintiff's allegations, in their entirety are as follows:

> The negro supervisor has beaten up my daughter has broken into my room, and asked my daughters (sic) father to punch me in the nose.  He (sic) broken into my daughters (sic) house.  The negro particapte (sic) has slept under neath (sic) me and asked to shave his pubic area.  The girl who looked like she lives under a tree has been following me for about 3 years and has tryed (sic) to ask for my food & clothing and has told people she looks like me.  The two supervisors had ask (sic) to use my checking account to buy food, and purchase turkeys for Thanksgiving 11/17/09.

(Id.)  By way of relief, plaintiff states that she would like "the girl" to stop following her and declares that she doesn't appreciate being harassed for food and having her room smell, doesn't think a supervisor who is asked to help should punch people in the nose or break into people's homes or stick-up for domestic violence abusers.  (Id. at 3.)

---

[1] The following cases brought by plaintiff in this court have been dismissed for lack of subject matter jurisdiction:  Alfaro v. Social Security Administration, Case No. 2:06-cv-0294 MCE DAD PS, closed Feb. 20, 2007; Alfaro v. City of Sacramento, Case No. 2:06-cv-1355 FCD GGH PS, closed Sept. 6, 2006; Alfaro v. Alcohol and Drug Administration, Case No. 2:06-cv-1370 GEB GGH PS, closed Oct. 3, 2006; Alfaro v. Barnicoat, Case No. 2:06-cv-1614 MCE DAD PS; Alfaro v. Miranda, case No. 2:06-cv-1687 LKK EFB PS, closed Oct. 10, 2006; Alfaro v. Rameriz, Case No. 2:06-cv-1689 DFL EFB PS, closed Dec. 21, 2006; Alfaro v. Burney, Case No. 2:06-cv-01783 DFL EFB PS, closed Dec. 21, 2006; Alfaro v. Bank of America, Case No. 2:06-cv-1808 DFL GGH PS, closed Dec. 21, 2006; Alfaro v. US Bank, Case No. 2:06-cv-1809 GEB EFB PS, closed Dec. 5, 2006; Alfaro v. Alfaro, Case No. 2:06-cv-2460 LKK GGH PS, closed Jan. 26, 2007; Alfaro v. Citi Bank, Case No. 2:07-cv-0363 GEB DAD PS, closed May 25, 2007; Alfaro v. TKA Properties, Case No. 2:07-cv-2115 FCD DAD PS, closed Dec. 5, 2007; Alfaro v. Vagabond Inn, Case No. 2:07-cv-2440 MCE DAD PS, closed Dec. 14, 2007; Alfaro v. UPS Store, Case No. 2:08-cv-2125 MCE DAD PS, closed Nov. 14, 2008.

1    Plaintiff's complaint contains no allegations that state any cognizable federal claim.  It therefore appears that this court lacks subject matter jurisdiction over the action.  See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").  See also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Based on plaintiff's history of filing obviously frivolous actions, the undersigned finds that it would be futile to grant plaintiff leave to amend, even if she were to pay the required filing fee.  Plaintiff's in forma pauperis application should be denied and this action should be dismissed with prejudice for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 8, 2010 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

/////
/////
/////

1 objections within the specified time may waive the right to appeal the District Court's order. See

2 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: November 4, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\alfaro1403.f&r.ifpjur